UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LASTON,

                              Petitioner,                    Case No.  2:14-cv-11609
                                                             Hon. Victoria A. Roberts
v.

C. STODDARD,

                              Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION
TO APPEAL IN FORMA PAUPERIS**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner

David Laston was convicted after a jury trial in the Wayne Circuit Court of assault with intent to

commit murder, MICH. COMP. LAWS § 750.83, carjacking, MICH. COMP. LAWS § 750.529a, assault

with intent to commit armed robbery, MICH. COMP. LAWS § 750.89, felon in possession of a firearm,

MICH. COMP. LAWS § 750.224f, and possession of a firearm during a felony (felony-firearm). MICH.

COMP. LAWS § 750.227b. Petitioner was sentenced to serve two concurrent terms of 31-to-50 years

for the assault convictions, a consecutive term of 20-to-40 years for the carjacking conviction, and

a consecutive term of two years for the felony-firearm conviction. Petitioner's conviction and

sentence for felon in possession of a firearm was reversed on appeal.

The petition raises four claims: (1) insufficient evidence was presented at trial to prove that

Petitioner intended to carjack and rob the victim, (2) insufficient evidence was presented at trial to

prove that Petitioner had a prior felony to support his felon in possession of a firearm conviction,

and counsel was ineffective for stipulating to Petitioner's prior record, (3) trial counsel was

ineffective for allowing the prosecutor to pursue carjacking and assault with intent to rob charges at trial when there was insufficient evidence to support those charges, and (4) there was insufficient evidence offered at trial to prove Petitioner's identity as the perpetrator of the crimes. The Court finds that Petitioner's claims are without merit. Therefore, the petition is denied. The Court also denies Petitioner a certificate of appealability, but will grant permission to proceed on appeal in forma pauperis.

## I. Background

This Court recites verbatim the relevant facts as summarized by the trial court in its opinion denying Petitioner's motion for relief from judgment. This recitation of the facts is presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> This matter arises out of a shooting in a parking lot in Detroit. The victim was in his car when he heard tapping on the window and looked up to see a person wearing a bandana over his face and pointing a gun. (T. Vol I, 16). The armed robber was pulling on the door handle and saying something to the victim. Id. The victim began to exit his vehicle but the robber shot him twice at point-blank range through the driver's window. (T. Vol I, 18).
>
> A witness testified that she was dozing in the front seat of a vehicle in the parking lot when she heard gunshots very near her. (T. Vol I, 163). She looked up to see the victim getting out of his car that was parked next to her and a person with a bandana covering his face and carrying a gun run in front of her vehicle. (T. Vol I, 164). The shooter put his hand on the hood of her vehicle as he ran. Id. The witness informed the investigating officer and latent prints were lifted from the hood of the vehicle. (T. Vol II, 53). The finger prints belonged to the defendant. (T. Vol III, 16).
>
> Another witness testified that she and her husband watched a person with his face covered by a bandana approach the victim's car and she heard him say, "Open the door, get out of the car," as he was pulling on the car handle. (T. Vol I, 140). The robber shot the victim through the window and ran away. Other witnesses in the parking lot testified to hearing gunshots and seeing a person wearing a bandana covering his face running through the parking lot carrying a gun. The victim was shot in the arm and in the chest and was fortunate to have survived his injuries.

2

Dkt. 10-8, p. 2

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan

Court of Appeals. His appellate brief raised the following claims:

> I. The evidence was not legally sufficient to prove beyond a reasonable doubt that Laston intended to carjack and rob the victim, rendering those convictions constitutionally defective and necessitating their reversal.
>
> II. The felon in possession conviction and sentence are fatally defective and without sufficient evidence because Laston did not have a requisite prior felony. Laston was denied the effective assistance of counsel though his failure to challenge this at trial and sentencing, putting his prior felonies before the jury.

The Michigan Court of Appeals issued an unpublished opinion that rejected Petitioner's first

claim, but it granted relief with respect to his second claim and reversed his felon in possession of

a firearm conviction. *People v. Laston*, No. 296566, 2011 WL 2204545 (Mich. Ct. App. June 7,

2011). Petitioner subsequently filed a pro se application for leave to appeal in the Michigan Supreme

Court. The Michigan Supreme Court denied the application because it was not persuaded that the

questions presented should be reviewed by the Court. *People v. Laston*, 804 N.W.2d 735 (Mich.

2011) (Table).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the

the following claims:

> I. Laston's convictions of carjacking and assault with intent to rob while armed must be vacated due to insufficient evidence.
>
> II. Laston was denied the effective assistance of trial counsel by his attorney's failure to object to the trial court's decision to allow the prosecution to pursue carjacking and assault with intent to rob while armed convictions with insufficient evidence.
>
> III. The trial court erred when it accepted guilty verdict based upon insufficient identification evidence that failed to demonstrate that Laston was the actual perpetrator of the alleged crime.

The trial court issued an opinion and order on February 28, 2014, denying the motion for

3

relief from judgment. The Court rejected Petitioner's new claims on the merits, but it found that

review of Petitioner's first claim was barred by the decision of the Michigan Court of Appeals under

Michigan Court Rule 6.508(D)(2).

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The

Michigan Court of Appeals denied the application for leave to appeal "for failure to establish

entitlement to relief under Michigan Court Rule 6.508(D)." *People v. Laston*, No. 317956 (Mich.

Ct. App. Dec. 9, 2013). Petitioner attempted to file a delayed application for leave to appeal this

decision in the Michigan Supreme Court, but his application was rejected as untimely on March 14,

2014. See Dkt. 10-12, Affidavit of Michigan Supreme Court Clerk.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that
> was adjudicated on the merits in State court proceedings unless the adjudication of
> the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in the
> > State court proceeding.

A state court adjudication is "contrary to" Supreme Court precedent under § 2254(d)(1) "if

the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases"

or "if the state court confronts a set of facts that are materially indistinguishable from a decision [of

the Supreme Court] and nevertheless arrives at a [different result]." *Lockyer v. Andrade*, 538 U.S.

4

63, 73 (2003) (internal quotation marks omitted). Under the "unreasonable application" clause of § 2254(d)(1), habeas relief is available if "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008) (internal quotation marks omitted). "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous," but rather "must have been 'objectively unreasonable.'" *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (citations omitted). Indeed, under the "unreasonable application" clause of § 2254(d)(1),

> even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*White v. Woodall*,    U.S.   , 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698 (2014) (citations, quotation marks, and alterations omitted). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*,    U.S.   , 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015). "Federal habeas review thus exists as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). "[W]hether the trial judge was right or wrong is not the pertinent question under AEDPA." *Renico v. Lett*, 559 U.S. 766, 778 n.3 (2010). The question is whether the state court's application of federal law was "objectively unreasonable." *White*, 134 S. Ct. at 1702. In short, the standard for obtaining federal habeas relief is "difficult to meet . . . because it was meant to be." *Burt v. Titlow*,    U.S.

5

, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013)(internal quotation marks omitted).

## III. Analysis

A. Sufficiency of the Evidence

1. Intent to Commit Carjacking and Robbery

Petitioner's first habeas claim asserts that insufficient evidence was presented at trial to prove beyond a reasonable doubt that he intended to commit carjacking or that he intended to rob the victim. Petitioner asserts that while evidence was presented that the perpetrator shot the victim, there was absolutely no evidence presented at trial that the perpetrator's intention was to take anything from the victim. The Michigan Court of Appeals rejected this claim on the merits during Petitioner's direct appeal. Respondent asserts that the state court adjudication did not unreasonably apply the established Supreme Court standard governing sufficiency of the evidence claims, barring relief under § 2254(d).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct appeal, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16)).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05

6

2:14-cv-11609-VAR-RSW   Doc # 18   Filed 12/22/15   Pg 7 of 13   Pg ID 801

(6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. Indeed, the *Jackson* standard is "exceedingly general" and therefore Michigan courts are afforded "considerable leeway" in its application. *Davis v. Lafler*, 658 F.3d 525, 535 (6th Cir. 2011).

Under Michigan law the offense of carjacking requires, among other elements, that the defendant, using force, threats, or fear, intended to take a vehicle from a person in lawful possession and in that person's presence. *People v. Davenport*, 230 Mich. App. 577, 580-581 (Mich. Ct. App. 1998). And an essential element of assault with intent to rob while armed include includes an intent to rob or steal. *People v. Akins*, 259 Mich. App 545, 554 (Mich. Ct. App. 2003). An actor's intent, is something not often directly stated by a person while he commits a crime. Therefore, under Michigan law, "[a] factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense. In other words, a defendant's intent can be proved by circumstantial evidence." *People v. Hawkins*, 245 Mich. App. 439, 458 (2001). This principal is consistent with federal law, which allows the trier of fact to "draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

Here, viewed most favorably to the prosecution, the evidence presented at trial indicated that while the victim was sitting in his car, Petitioner tapped on the driver's side window, pulled on the door handle, and told him to get out of the car. The door was locked but not fully closed, so Petitioner was unable to open it. The victim, intending to comply with Petitioner's demands said

7

"hold on" and started to put his car in park. But before the victim was able to comply, Petitioner shot him twice through the window and then fled. Clearly, this evidence was sufficient for any reasonable juror to conclude beyond a reasonable doubt that Petitioner intended to take the victim's car and rob him, but he panicked and shot him instead when the victim was unable to immediately comply with his demands. More to the point, the decision by the Michigan Court of Appeals that sufficient evidence was presented was not objectively unreasonable. Accordingly, Petitioner's claim is without merit.

2. Identity of Petitioner as Perpetrator

Petitioner's fourth habeas claim challenges the sufficiency of the evidence presented at trial to prove that he was the perpetrator of the crimes. He notes that the various eyewitnesses gave various descriptions of the perpetrator and could not agree on the color of the bandana he wore. He also notes that fingerprints were found on the victim's car that did not match his. This claim was presented to the trial court in Petitioner's motion for relief from judgment, and the court found that the claim was without merit. Despite the fact that Petitioner was unable to appeal this decision to the Michigan Supreme Court, rendering the claim unexhausted or defaulted, Respondent asserts that relief should be denied on the merits. The Court is permitted to deny an unexhausted claim on the merits. See 28 U.S.C. § 2254(b)(2).

The Court has reviewed the trial record. Several witnesses testified that a man wearing a bandana on his face approached the victim's vehicle, tried to open the door, and then shot the victim. Estella Carrillo testified that shortly before the incident she puller her aunt's Chevy Blazer into the parking lot where the shooting occurred. She did not see the incident. Rather, while she waited in the vehicle for her cousin and friend to come out of the store, she heard two gunshots. She then looked up and saw one man emerge from his car and another man wearing a bandana over his face

8

running past her vehicle. The man in the bandana placed his hand on the hood of the Blazer as he ran past. See Trial Tr. I, pp. 161-168. Marcia McCleary testified that she was a latent print examiner for the Detroit Police Department. Two latent prints were lifted from the right side hood of a Chevy Blazer parked at the scene of the crime. McClearly first used AFIS, Michigan's automated fingerprint identification system, but that system did not return any matches. The print contained nine characteristics for identification–so McCleary conducted a manual comparison of the latent print to the prints of at least six suspects provided to her by a detective. She concluded that the latent print matched Petitioner's known print but not the other suspects. Petitioner was then taken into custody, and McCleary fingerprinted him. The new print also matched the latent print taken from the hood of the Blazer with twelve points of comparison. McCleary opined that Petitioner was the person who had left the print on the Blazer that was at the scene. See Trial Tr. III, pp. 5-18.

Viewed most favorably to the prosecution, the Court has no trouble concluding that a rational fact-finder could find that Petitioner was the person who committed the crime based solely on the fact that he was the one who left the fingerprints on the Blazer. Combining the testimony of the other eyewitnesses with Carrillo's testimony, the same man who shot the victim is the one who ran past her vehicle and touched the hood. Fingerprint evidence alone can be sufficient to sustain a conviction against constitutional attack. *Lige v. Metrish*, No. 07-14871, 2009 WL 3818189, at *6 (E.D. Mich. Nov. 13, 2009) (citing *Taylor v. Stainer*, 31 F.3d 907, 909–10 (9th Cir.1994) and *Duncan v. Stynchcombe*, 704 F.2d 1213, 1215 (11th Cir.1983); see also *Taylor v. Stainer*, 31 F.3d 907, 910 (9th Cir. 1994) (fingerprint left on victim's windowsill by itself was sufficient to sustain felony-murder conviction). This claim was reasonably rejected by the trial court and does not provide a basis for granting habeas relief.

B. Ineffective Assistance of Counsel

9

1. Stipulation to Petitioner's Prior Record

Petitioner's second issue claims that insufficient evidence was presented at trial to show that he had a prior felony to support his felon in possession of a firearm conviction. He also claims that his trial counsel was ineffective for stipulating to the prior felony. The first part of the claim was resolved in Petitioner's favor by the Michigan Court of Appeals, and Petitioner's conviction for felon in possession of a firearm was reversed. The state appellate court rejected the second portion of the claim on the merits, finding that the stipulation did not cause sufficient prejudice to affect the outcome of the trial with respect to the other charges. Respondent contends that this decision was reasonable.

To show he was denied the effective assistance of counsel under federal constitutional standards, a petitioner must satisfy a two prong test. First, a petitioner must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, a petitioner must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, a petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland*, 466 U.S. at 689.

Second, a petitioner must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Supreme Court's holding in *Strickland* thus places the burden on a petitioner raising a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly

10

deficient performance. See *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Furthermore, on habeas review, "the question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations omitted). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter*, 562 U.S. at 101. Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123.

Consequently, the § 2254(d)(1) standard applies a "doubly deferential judicial review" to a *Strickland* claim brought by a habeas petitioner. *Id*. This means that on habeas review of a state court conviction, "[A] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Richter*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id*. at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). Because of this doubly deferential standard, "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Richter*, 562 U.S. at 105. A reviewing court must not merely give defense counsel the benefit of the doubt, but must also affirmatively entertain the range of possible reasons that counsel may have had for proceeding as he or she did. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Reliance on hindsight to cast doubt on a plea that took place over four years ago is precisely what *Strickland* and AEDPA seek to prevent. See *Richter*, 562 U.S. at 107.

Here, as correctly noted by the state appellate court, other than an unembellished stipulation

11

placed on the record for the felon in possession charge, the matter was not discussed or argued by counsel in front of the jury. Furthermore, "juries are presumed to follow their instructions," *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). And here, the trial court instructed the jury that it was not permitted to use the stipulation for any purpose other than the fact he had a prior felon for purposes of that offense. The instruction prohibited the jury from using his prior conviction to determine that he was a bad man or as evidence that he committed the other offenses. Given the brief manner in which the prior felony was admitted and the limiting instruction, it was reasonable for the state court to find there was no reasonable probability that the result of Petitioner's trial would have been different had his counsel not stipulated to admission of the evidence. Therefore, Petitioner has failed to demonstrate entitlement to relief based on this claim.

2. Allowing Trial to Proceed on Carjacking and Assault Charges

Petitioner's third claim asserts that his counsel was ineffective for allowing the case to proceed to trial when there was insufficient evidence of his intent to commit the robbery or the carjacking. This claim is frivolous. As discussed above the evidence presented at trial was sufficient to sustain his convictions. Counsel was not ineffective for failing to raise a meritless argument. *Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006); *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 654 (E.D. Mich. 2002).

IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed

12

further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has not met the standard for a certificate of appealability because his claims are completely without merit. The Court will therefore deny a certificate of appealability with respect to all of Petitioner's claims.

The Court will, however, grant permission to appeal in forma pauperis because any appeal of this decision could be taken in good faith. 28 U.S.C. § 1915(a)(3).

### V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

S/Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge

Dated: 12/22/2015

13